UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-14215-CIV-SMM
(Consent Case)

**GABRIELLE D'ELIA,** and **MEGAN D'ELIA,**
and **ANTHONY D'ELIA,** as natural parents
and guardians of minor child**, D.D.**,

    Plaintiffs,
v.

**INDIAN RIVER COUNTY SCHOOL BOARD,
DAVID MOORE, SHAWN O'KEEFE, GREG
AHRENS, LENNY JANKOWSKI** and
**DAN DICKENS**,

    Defendants**.**
_____/

## ORDER ON MOTION TO COMPEL
## DEFENDANT INDIAN RIVER COUNTY SCHOOL BOARD'S DISCOVERY RESPONSES (DE 33)

**THIS CAUSE** is before me upon Plaintiffs' Motion to Compel Defendant Indian River County School Board's ("IRCSB") Discovery Responses ("Motion to Compel") (DE 33). Having reviewed the Motion to Compel, the Response (DE 34) and record in this case, the Motion to Compel is **GRANTED IN PART AND DENIED IN PART** for the reasons set forth below.

## BACKGROUND

This case arises from Plaintiff Gabrielle D'Elia's allegations of injuries stemming from Defendant Soccer Coach Dan Dickens' gender bias in removing her from the last two minutes of a high school soccer game on February 12, 2019. DE 12 at ¶14. Plaintiff Gabrielle D'Elia also alleges that school administration failed to properly address the incident and added to her injuries by, among other things, suspending her from the soccer team. *Id.* at ¶¶18-23. Plaintiffs further allege injuries stemming from the school administration's retaliatory conduct involving both

Plaintiff Gabrielle D'Elia and her younger sister, Plaintiff D.D., who was also a member of the Vero Beach High School girls' female soccer team. *Id.* at ¶¶28-29. Both were denied participation in the year-end soccer banquet. *Id.* at ¶28. Also, in April 2019, both learned that they were cut from being featured in an interview in the school yearbook after their previous selection for interviews. *Id.* at ¶29.

Plaintiffs additionally recount prior alleged incidents of abusive and discriminatory conduct and sexual harassment and misconduct against females by the high school's teachers and administrators from 2012 to 2021. DE 12 at 9-25. Plaintiffs further allege disparate treatment of Plaintiff Gabrielle D'Elia by citing the more favorable treatment of male athletes in matters of discipline. *Id.* at 22-27. As a result, Plaintiffs bring the following seventeen claims:

| Count | Claim | By Plaintiff | Against |
|---|---|---|---|
| **I** | Title IX Violations Based on Gender/Sex Discrimination | Gabrielle D'Elia | IRCSB |
| **II** | Title IX Violations Based on Gender/Sex Discrimination | D.D. | IRCSB |
| **III** | Equal Protection Clause Violations Based Upon Sex Discrimination pursuant to Fourteenth Amendment of the U.S. Constitution and Title 42 U.S.C. § 1983 and § 1988 | Gabrielle D'Elia | IRCSB |
| **IV** | Equal Protection Clause Violations Based Upon Sex Discrimination pursuant to Fourteenth Amendment of the U.S. Constitution and Title 42 U.S.C. § 1983 and § 1988 | D.D. | IRCSB |
| **V** | Equal Protection Clause Violations Based Upon Sex Discrimination pursuant to Fourteenth Amendment of the U.S. Constitution and Title 42 U.S.C. § 1983 and § 1988 | D.D. | Moore |
| **VI** | Equal Protection Clause Violations Based Upon Sex Discrimination pursuant to Fourteenth Amendment of the U.S. Constitution and Title 42 U.S.C. § 1983 and § 1988 | Gabrielle D'Elia | O'Keefe |
| **VII** | Equal Protection Clause Violations Based Upon Sex Discrimination pursuant to Fourteenth | Gabrielle D'Elia | Ahrens |

| | Amendment of the U.S. Constitution and Title 42 U.S.C. § 1983 and § 1988 | | |
|---|---|---|---|
| **VIII** | Equal Protection Clause Violations Based Upon Sex Discrimination pursuant to Fourteenth Amendment of the U.S. Constitution and Title 42 U.S.C. § 1983 and § 1988 | Gabrielle D'Elia | Jankowski |
| **IX** | Equal Protection Clause Violations Based Upon Sex Discrimination pursuant to Fourteenth Amendment of the U.S. Constitution and Title 42 U.S.C. § 1983 and § 1988 | Gabrielle D'Elia | Dickens |
| **X** | Gross Negligence | Gabrielle D'Elia | IRCSB |
| **XI** | Negligence | Gabrielle D'Elia | IRCSB |
| **XII** | Negligence | D.D. | IRCSB |
| **XIII** | Breach of Contract | Gabrielle D'Elia | IRCSB |
| **XIV** | Negligent Infliction of Emotional Distress | Gabrielle D'Elia | IRCSB |
| **XV** | Intentional Infliction of Emotional Distress | Gabrielle D'Elia | IRCSB |
| **XVI** | Intentional Infliction of Emotional Distress | Gabrielle D'Elia | Ahrens |
| **XVII** | Intentional Infliction of Emotional Distress | Gabrielle D'Elia | Dickens |

DE 12.

Plaintiffs' Motion to Compel seeks better responses to three interrogatories (Interrog. Nos. 11, 12, and 15) and two requests for production (RFP Nos. 3 and 5). DE 33. Plaintiffs also seek an award of attorneys' fees associated with making the motion. *Id.* at 1. Defendant IRCSB's Response indicates that amended answers to Interrog. Nos. 11, 12, and 15 were served simultaneous with the Response. DE 34 at 2. Listed below are the discovery requests and responses at issues:

**Interrog. No. 11**

Plaintiffs' REQUEST: Please list any disciplinary measures taken against any male athlete or male coach and/or assistant coach from 2014 through today's date for any reason, including the name of the person, any address, phone number, or email, and a detailed description of the incident, date of the incident, and the disciplinary measures imposed. See Exh. A.

Defendant's ANSWER: It is impossible for the district to fully respond to this interrogatory question due to the overbreadth of this question. Athletes within the school district undergo many forms of discipline due to very minor incidences such as being late to a practice to more serious incidences. Forms of discipline range

3

from the student athlete being required to do extra work such as running laps to being suspended from the team to suspension from school. The school district cannot provide names. See Exh. B.

Plaintiffs' RESPONSE: Plaintiff[s] will limit the request to 2015 through the date of the service of the interrogatory, and will request a response as to the suspension and/or permanent removal from an athletic team of any male athlete that: used profanity against a coach and/or used inappropriate language and made inappropriate comments to a coach, male athletes suspended from a team for any reason, and male athletes removed from an athletic team for any reason; any male athlete subjected to a criminal investigation, FHSAA investigation, and/or any other type of investigation and/or and any male athlete that was accused of committing a crime and/or that failed a drug screening. Moreover, Mr. O'Keefe was able to respond to the same interrogatory without issue. (Excerpt from Prior Correspondence to Defendant). See Exhibit C.

DE 33.

Defendant's AMENDED ANSWER: Pursuant to Plaintiff's narrowing of this request, as to the use of profanity, none. As to the remainder of this interrogatory, all responsive information that the School Board is in possession of regarding VBHS has been previously produced to Plaintiff.

DE 34-1.

**Interrog. No. 12**

Plaintiff's REQUEST: Please provide any information related to any other female student, coach, assistant coach, employee, and/or administrator who has made of sexual assault, sexual harassment, sexual battery, allegations of gender discrimination, allegations of Title IX violations, allegations of Equal Protection Clause violations against any Defendant Indian River County School Board employee, administrator, student, and/or coach, and/or assistant coach, whether or not said allegations were substantiated and/or unsubstantiated, and whether or not said allegations were investigated from 2014-today's date including:

a. Name of the reporting party, and identify whether said person is an employee, administrator, student, and/or coach, and/or assistant coach.

b. Name of the accused/accused and identify whether said person is an employee, administrator, student, and/or coach, and/or assistant coach.

c. Date of the incident.

d. Factual details regarding the allegations.

> e. Whether any investigation, administrative investigation, and/or criminal investigation, was conducted and the findings and/or conclusions of said investigation, and name the agency(ies) that conducted said investigation(s). See Exh. A.
>
> Defendant's ANSWER: The school district objects to this interrogatory being over broad and unduly burdensome. The school district does not maintain a database that would allow it to provide the information as phrased. To the extent law suits have been filed against the district under such allegations, such would be public record equally available to the plaintiffs.
>
> The costs to investigate to determine each and every allegation that may have been made would be impossible for the district to complete. Plaintiff's counsel is willing to have a conference call with Defendant's counsel to discuss specific search issues and in an attempt to limit the scope to the extent possible. See Exh. B.
>
> Plaintiff's RESPONSE: Defendant's response is inadequate and Plaintiff will move to compel as the evidence is clearly relevant to the case at hand, in many instances if not all Defendant's have statutory obligations to maintain records and to report said misconduct, and Defendant's lack of organized files is not a sufficient reason not to produce said information or even attempt to enter the interrogatory. Plaintiff's counsel is willing to have a conference call with Defendant's counsel to discuss specific search issues and in an attempt to limit the scope to the extent possible. Moreover, Mr. O'Keefe was able to respond to the same interrogatory without issue. See Exh. C.

DE 33.

> Defendant's AMENDED ANSWER: The Defendant has since provided to Plaintiff a spreadsheet containing a list of incidents reportable to the Department of Education.

DE 34-1.

> **Interrog. No. 15**
>
> Plaintiff's REQUEST: Please describe the factual circumstances and decision making that led to the removal of Plaintiff Gabrielle D'Elia and D.D. 's feature from the yearbook, and the decision not to invite them to the end of the year soccer banquet. If you do not know that information, please provide the name, position, phone number, email, and job title of the person that has that information.

<u>Defendant's ANSWER</u>: It is believed that a picture involving the plaintiffs was removed during the editing process. This was done because Mr. D'Elia was also in the photograph. It was believed inappropriate for him to be included as he was arrested at a school function following an assault and battery of a school district employee.

<u>Plaintiff's RESPONSE</u>: Defendant's response is insufficient as it does not address…why Plaintiffs were not invited to the soccer banquet. See Exh. C.

DE 33.

<u>Defendant's AMENDED ANSWER</u>: It is believed that a picture involving the plaintiffs was removed during the editing process. This was done because Mr. D'Elia was also in the photograph. It was believed inappropriate for him to be included as he was arrested at a school function following an assault and battery of a school district employee. This Defendant does not have knowledge as to why the Plaintiffs were not invited to the soccer banquet, as that event is run by a third party booster club. The contact person for the booster club during the pertinent timeframe would be Allison Barkett, and for the yearbook would be Jennifer Potter.

DE 34-1.

**RFP No. 3**

<u>Plaintiffs' REQUEST</u>: Please provide any and all documents, reports, audio recordings, videos, photographs and/or any and all evidence related to prior reports/investigations of sexual assault, sexual harassment, sexual battery, allegations of gender discrimination, allegations of Title IX violations, allegations of Equal Protection Clause violations against any Defendant Indian River County School Board employee, administrator, student, and/or coach, whether or not said allegations were substantiated and/or unsubstantiated, from 2014-today's date.

<u>Defendant's RESPONSE</u>: School Environmental Safety Incident Reports are being provided to Plaintiffs. The District does not maintain files or database under this particular subject. While an individual's personnel file or a student's cumulative file may possibly contain information under these topics, each file would need to be searched independently. It is noted that by the due nature of the information being sought, such documents would quite likely be exempt due to the nature of sexual abuse or sexual crimes alleged. Further, student files are protected for privacy reasons. Should there be a determination that such information should be produced, the Plaintiffs will be given access to employee personnel files where they are maintained in their normal course of business, for the opportunity to search for any such information.

DE 33.

**RFP No. 5**

Plaintiffs' REQUEST: Any and all documents and/or evidence in your possession related to any disciplinary measure taken against any male athlete or male coach and/or assistant coach from 2014 through today's date for any reason. See Exh. A.

Defendant's RESPONSE: Due to student privacy, this Defendant is unable to produce documents relative to student disciplinary files. None as to coaches. This Defendant, however, continues its search. See Exh. B.

DE 33.

Defendant IRCSB argues in its Response to the Motion to Compel that its amended answers to the Interrogatories are sufficient in light of Plaintiff's narrowing of the requests. DE 34. Relative to the RFPs, Defendant argues that student records are protected from disclosure by State and Federal law. *Id.* Defendant also argues that it has responded fully to RFP No. 3 with all documents that it has been able to locate and that, with respect to RFP No. 5, it has responded "none" as to coaches. *Id.* at 2-3. Defendant further notes that student disciplinary records are only maintained for three years. *Id.* at 3.

## DISCUSSION

"The Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) (citing Fed. R. Civ. P. 26(b)(1)). In 2015, Rule 26 was amended. *See* Fed. R. Civ. P. 26(b)(1), advisory committee's note to 2015 amendment. "Information is discoverable under revised Rule 26(b)(1) if it is relevant to any party's claim or defense and is proportional to the needs of the case." *Id.* "In evaluating proportionality, the Court looks to (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to the relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden

or expense of the proposed discovery outweighs the likely benefit." *In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. 20-MD-2924, 2021 WL 5299847, at *2 (S.D. Fla. Nov. 15, 2021) (Reinhart, J.) (citing Fed. R. Civ. P. 26(b)(1)). Additionally, Rule 1 applies, which was also amended in 2015 "to emphasize [that the Federal Rules of Civil Procedure are intended to] secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Furthermore, Rule 37(a)(5) governs payment of expenses, including attorney's fees, when a court grants a motion to compel discovery. Fed. R. Civ. P. 37(a)(5). The court is required to order the payment of the moving party's expenses unless "the opposing party's nondisclosure, response or objection was substantially justified" or "other circumstances make an award of expenses unjust." *Id.* at 37(a)(5)(A)(ii) and (iii). Moreover, "[a] court has wide latitude in imposing sanctions for failure to comply with discovery." *Whitwam v. JetCard Plus, Inc.*, 304 F.R.D. 664, 667 (S.D. Fla. 2015) (citation omitted).

Applying the above principles, I find that Defendant IRCSB has sufficiently responded to Interrog. Nos. 11 and 15 but has not yet completely satisfied its obligations with respect to Interrog. No. 12 and the RFPs. As to Interrog. Nos. 11 and 15, Defendant IRCSB's amended answers—that it has provided all the information that it has to provide based upon Plaintiffs' narrowing of the requests—are sufficient. *See Myeress v. Gonzalez*, No. 17-61260-CIV, 2018 WL 3881355, at *1 (S.D. Fla. June 20, 2018) (finding "none" a sufficient answer to an interrogatory and noting that Plaintiff could later seek sanctions if a response proved to be false). Therefore, Plaintiffs' Motion to Compel is denied with respect to Interrog. Nos. 11 and 15.

With respect to Interrog. No. 12, Defendant IRCSB's amended answer states only that it has provided a list of incidents "reportable" to the Department of Education. Defendant, however, does not provide support for its objection that a broader search, beyond what is reportable, presents

8

an undue burden. *Doe v. Rollins Coll.*, No. 618CV1069ORL37LRH, 2019 WL 11703979, at *1 (M.D. Fla. Apr. 10, 2019) ("The responding party must show specifically how the requested discovery is burdensome, overbroad, or oppressive by submitting detailed affidavits or other evidence establishing the undue burden."). Therefore, Plaintiffs' Motion to Compel is granted with respect to Interrog. No. 12, and the parties shall confer about how a search of Defendant IRCSB's records and inquiry of pertinent IRCSB personnel will be accomplished for purposes of answering the interrogatory. Defendant IRCSB shall serve a second amended answer to Interrog. No. 12 by February 18, 2022.

As to RFP No. 3, Defendant IRCSB initially responded that it would make *employee* personnel files available for Plaintiffs' inspection (DE 33-2 at 2); however, it now responds that it has supplied "all documentation [it] has been able to locate" except with respect to student records. DE 34 at 2-3. Defendant argues that student records are protected from disclosure by federal and state privacy laws. DE 34 at 2-3. Specifically, Defendant IRCSB cites the Family Educational Rights and Privacy Act ("FERPA), 20 U.S.C. § 1232g; 34 CFR Part 99 and Fla. Stat. 1002.22 as providing such protection. *Id.* Defendant also notes that student disciplinary records are only maintained for three years. *Id.* at 3.

Florida Statute 1002.22 refers to FERPA. Fla. Stat. 2002.22 ("The rights of students and their parents with respect to education records . . . shall be protected in accordance with [FERPA]"). FERPA, however, does not prevent disclosure of the student records subject to disclosure under the Federal Rules of Civil Procedure. *Stanislaus v. Emory Univ.*, No. 1:05-CV-1496-RWS, 2006 WL 8432146, at *8 (N.D. Ga. July 28, 2006) ("[W]hile the protections against the unauthorized disclosure of educational records FERPA affords are broad, the Act does not absolutely prohibit the disclosure of educational records, or otherwise prevent discovery of

9

relevant records under the Federal Rules of Civil Procedure."); *Cafra v. RLI Ins. Co.*, No. 8:14-CV-843-T-17EAJ, 2015 WL 12844288, at *2 (M.D. Fla. Feb. 5, 2015) ("FERPA does not create a privilege which protects against the disclosure of student information."). Rather, FERPA requires the Court to "balance the student's privacy interest against the plaintiffs' need for the information and order disclosure only if the plaintiffs' need for the information outweighs the student's privacy interest." *Doe*, 2019 WL 11703979, at *5 (noting also that "FERPA does not prohibit the release of records so long as the student's identifying information is redacted"). *See also Alig-Mielcarek v. Jackson*, 286 F.R.D. 521, 526 (N.D. Ga. 2012) (collecting cases where courts allowed discovery when the information was relevant to a plaintiff's claims but noting that "courts have permitted discovery only when the party requesting the records has met a 'significantly heavier burden' to show that its interests in obtaining the records outweighs the significant privacy interest of the students").

Here, the information that Plaintiffs seek in RFP No. 3 is directly relevant to their claims. Defendant IRCSB responds that it has provided all documentation it has been able to locate except with respect to student records. DE 34. Because student records are also subject to disclosure, however, Plaintiffs' Motion to Compel is granted insofar as Plaintiffs seek student records responsive to the request. I find, though, that Defendant IRSCB should redact personally identifiable information pertaining to individual students prior to making the records available for inspection. *See Doe*, 2019 WL 11703979, at *5. Therefore, Defendant shall make such responsive and redacted student records as it has available for inspection and copying by Plaintiffs no later than February 18, 2022. Additionally, because the information sought is sensitive in nature as to both employees and students, the parties shall confer and jointly move this Court for an appropriate

protective order by February 9, 2022 to govern Plaintiffs' use of information disclosed pursuant to RFP No. 3.

Regarding RFP No. 5, there are two issues. First, Plaintiffs move the Court to compel further response from Defendant IRCSB as to coaches. DE 33. I decline to do so. Defendant IRCSB has answered "none," which is sufficient. *Myeress*, 2018 WL 3881355, at *1. Second, Plaintiffs move the Court to compel Defendant IRCSB to produce records regarding male student athlete discipline. Defendant repeats the argument it made in response to RFP No. 3 that privacy protection is afforded to student records under Fla. Stat. 1022.22 and FERPA. For the reasons stated previously, I find that the referenced statutes do not preclude disclosure of appropriately redacted student records. Male student athlete disciplinary records are directly relevant to Plaintiffs' claims. Therefore, Defendant shall make redacted and responsive student records available for inspection and copying by Plaintiffs no later than February 18, 2022. Furthermore, the parties shall confer and jointly move this Court for an appropriate protective order by February 9, 2022 to govern Plaintiff's use of the information disclosed pursuant to RFP No. 5.

As to fees, I find that Defendants were substantially justified in their position. Therefore, I decline to award attorney's fees under Rule 37 as a sanction.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Compel (DE 33) is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) As to Interrog. Nos. 11 and 15, the Motion to Compel is **DENIED**;

(2) As to Interrog. No. 12, the Motion to Compel is **GRANTED**; the parties shall confer about how a search of Defendant IRCSB's records and an inquiry of pertinent IRCSB personnel will be accomplished for purposes of answering the interrogatory. Defendant

IRCSB shall serve a second amended answer to Interrog. No. 12 **by February 18, 2022**;

(3) As to RFP No. 3, the Motion to Compel is **GRANTED** to the extent that Plaintiffs seek student records responsive to the request. Defendant IRCSB shall redact personally identifiable information from responsive student records and make such responsive records available to Plaintiffs for inspection and copying by no later than **February 18, 2022**. Furthermore, the parties shall confer and jointly move this Court for an appropriate protective order, **by February 9, 2022**, to govern Plaintiffs' use of information disclosed pursuant to RFP No. 3;

(4) As to RFP No. 5, the Motion to Compel is **GRANTED** to the extent that Plaintiffs seek student records responsive to the request. Defendant IRCSB shall redact personally identifiable information from responsive student records and make such responsive records available to Plaintiffs for inspection and copying by no later than **February 18, 2022**. Furthermore, the parties shall confer and jointly move this Court for an appropriate protective order, **by February 9, 2022**, to govern Plaintiffs' use of information disclosed pursuant to RFP No. 5.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 2nd day of February, 2022.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE