UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-14215-CIV-SMM
(Consent Case)

**GABRIELLE D'ELIA,** and **MEGAN D'ELIA,**
and **ANTHONY D'ELIA,** as natural parents
and guardians of minor child, **D.D.**,

    Plaintiffs,
v.

**INDIAN RIVER COUNTY SCHOOL BOARD,**
**DAVID MOORE, SHAWN O'KEEFE, GREG**
**AHRENS, LENNY JANKOWSKI** and
**DAN DICKENS**,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT ("MOTION TO AMEND") (DE 37)

**THIS CAUSE** comes before me upon the above Motion to Amend (DE 37), filed on March 2, 2022.[1] Defendants filed a Response (DE 39); however, Plaintiff did not file a reply, and the time to do so as now passed. Having reviewed the Motion to Amend, the Response and the record in this case, and being otherwise duly advised, the Motion to Amend (DE 37) is **GRANTED** for the reasons stated herein.

After initially filing suit on May 20, 2021, Plaintiffs filed an unopposed First Amended Complaint on July 6, 2021. DE 12. In the First Amended Complaint, Plaintiff Gabrielle D'Elia alleges injuries stemming from Defendant Soccer Coach Dan Dickens' gender bias in removing her from the last two minutes of a high school soccer game on February 12, 2019. DE 12 at ¶14. Plaintiff Gabrielle D'Elia also alleges that school administration failed to properly address the

---

[1] The parties have consented to Magistrate Judge jurisdiction (DE 25), and the District Judge has issued an Order of Reference (DE 26).

incident and added to her injuries by, among other things, suspending her from the soccer team. *Id.* at ¶¶18-23. Plaintiffs further allege injuries stemming from the school administration's retaliatory conduct involving both Plaintiff Gabrielle D'Elia and her younger sister, Plaintiff D.D., who was also a member of the Vero Beach High School girls' female soccer team. *Id.* at ¶¶28-29. Both were denied participation in the year-end soccer banquet. *Id.* at ¶28. Further, in April 2019, both learned that they were cut from being featured in an interview in the school yearbook after having been previously selected for interviews. *Id.* at ¶29.

Plaintiffs additionally recount alleged prior incidents of abusive and discriminatory conduct and sexual harassment and misconduct against females by the high school's teachers and administrators from 2012 to 2021. DE 12 at 9-25. Plaintiffs further allege disparate treatment of male athletes. *Id.* at 25-27.

On July 7, 2021, Defendants filed a still-pending motion to dismiss. DE 13. After the parties consented to magistrate jurisdiction, the case was referred to me, on November 9, 2021, to conduct all further proceedings. DE 26. Thereafter, on December 1, 2021, I entered a scheduling order setting the case for trial beginning on December 5, 2022. DE 31. The scheduling order also set a deadline of January 18, 2022, for the parties to amend their pleadings. *Id.* at 4.

On March 2, 2022, Plaintiffs filed their Motion to Amend in order to "correct a few deficiencies noted in Defendants' Motion to Dismiss" and to "add additional material facts [supporting] Plaintiffs' allegations" given discovery that the parties had engaged in thus far. DE 37 at 2. Defendants object to Plaintiffs amending the complaint because: (1) Plaintiffs are past the January 18, 2022 deadline; (2) the delay in allowing another amended complaint will unfairly prejudice Defendants relative to other pretrial deadlines, including summary judgment; (3) Plaintiffs have amended their complaint once previously; and (4) amendment would be futile. DE 39 at 2.

Under Federal Rules of Civil Procedure 15(a)(1), a party may amend its pleading once as a matter of course twenty-one days after serving it or twenty-one days after the service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). After the time to amend as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) ("[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.").

Courts consider several factors when ruling on a motion for leave to amend under Rule 15(a)(2) including "undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 (11th Cir. 2014) (quoting *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009)). *See also Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

Here, despite Defendants' reference to the deadline to amend pleadings, other pretrial deadlines, and their pending motion to dismiss, I do not find undue delay or prejudice to Defendants based upon delay. As Plaintiffs argue, discovery is still ongoing, and the Motion to Amend comes within 30 days of the Court granting in part Plaintiffs' motion to compel responses to certain requests for production (DE 35) and within 45 days of the deadline of January 18, 2022,

3

to amend pleadings. Discovery does not end in this case until July 29, 2022, and the dispositive motions deadline is August 31, 2022. Accordingly, I find that Plaintiffs' Motion to Amend comes early in the case. Moreover, even presuming that Defendants' motion to dismiss is granted,[2] such dismissal would likely be without prejudice at this stage of the proceedings. Thus, the amended complaint, which purports to address Defendants' motion to dismiss, eliminates steps and is arguably a more efficient way to proceed. Therefore, I do not find that undue delay or prejudice based upon undue delay provides grounds to deny Plaintiffs leave to amend. *Burger King Corp.*, 169 F.3d at 1319.

In addition, the mere fact that Plaintiffs have once already amended their complaint does not constitute "repeated failure to cure deficiencies." *Perez*, 774 F.3d at 1340. Defendants do not even argue that Plaintiffs' motion represents such failure. Rather, Defendants argue that "the Court has discretion to deny the Motion" based upon Plaintiffs' previous amendment. DE 39 at 2. Therefore, I find Defendants' argument to lack merit and decline to deny leave to amend on the basis of a previous amendment.

Furthermore, Defendants' argument that amendment is futile is unavailing.[3] "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Here Defendants argue that Plaintiffs' allegations fail to establish Title IX liability. DE 39 at 2-3. Rather than attempt to address in the context of a motion to amend Defendants' arguments that Plaintiffs fail to establish Title IX liability, which represents only part

---

[2] I address here Defendants' arguments regarding delay and prejudice stemming from delay. As discussed below, I decline to address the merits of Defendants' motion to dismiss to make a determination, at this time, whether Plaintiffs' allegations are insufficient to survive a motion to dismiss.

[3] I do not address Defendants' allegations regarding Plaintiffs having illegally recorded conversations. DE 39 at 3-4. Defendants may seek appropriate relief should they determine it is warranted; however, such allegations are not a basis for denying leave to amend.

4

of Plaintiffs' claims, I find it best to address Defendants' arguments in favor of dismissal on a motion to dismiss. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to Amend (DE 37) is **GRANTED**. Plaintiffs shall separately file their amended complaint on or before **March 28, 2022**.

2. Defendants' Motion to Dismiss (DE 13) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 21st day of March 2022.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE